OPINION
{¶ 1} Defendant, Kevin Stevens, appeals from a sentence of fourteen months incarceration, which the trial court imposed upon Defendant's conviction for receiving stolen property. R.C. 2913.51(A). The conviction was entered on a plea of guilty to the same charge.
 {¶ 2} Defendant presents three interrelated assignments of error:
 FIRST ASSIGNMENT OF ERROR {¶ 3} "The trial court erred in imposing a sentence upon appellant that was contrary to law and unsupported by the record."
 SECOND ASSIGNMENT OF ERROR {¶ 4} "The trial court abused its discretion through inappropriate consideration of sentencing factors."
 THIRD ASSIGNMENT OF ERROR {¶ 5} "The trial court abused its discretion through imposing a sentence that was excessive and unsupported by the record."
 {¶ 6} Receiving stolen property, R.C. 2913.51(A), is a felony of the fourth degree. The court was therefore authorized to impose a definite term of imprisonment for a period of from six to eighteen months. R.C. 2929.14(A)(4). Because incarceration was not mandatory, the court could instead impose community control sanctions. R.C. 2929.15(A). The State recommended community control. The court rejected the recommendation and imposed a sentence of fourteen months incarceration, which it was authorized to do.
 {¶ 7} Defendant doesn't argue that the court imposed a sentence it was not authorized by law to impose. Neither does he argue procedural error. Rather, he argues that the court misapplied the factors which R.C. 2929.11 and R.C. 2929.12 required it to consider when exercising its discretion to impose a sentence.
 {¶ 8} Our review of error of the kind Defendant assigns is governed by R.C. 2953.08(G)(2). Unless maximum or consecutive sentences are imposed, and absent a Defendant's claim that the court failed to make required statutory findings, we may grant relief only if we clearly and convincingly find that (1) the record does not support the trial court's findings and (2) the sentence is otherwise contrary to law. R.C.2953.08(G)(2); State v. Wallace (March 29, 2002), Montgomery App. No. 18684, 2002-Ohio-1772.
 {¶ 9} Defendant argues both points; that his sentence is contrary to law because it isn't supported by the trial court's findings. More specifically, Defendant complains that the trial court relied on uncharged criminal conduct to impose a prison term on a finding that the victim had suffered economic harm as a result of the Defendant's crime.
 {¶ 10} Defendant was convicted of receiving stolen property in violation of R.C. 2913.51(A). That section prohibits receiving, retaining, or disposing of the property of another, knowing or having reason to believe that the property was obtained through commission of a theft offense. Defendant was convicted on his guilty plea, which is a complete admission of guilt.
 {¶ 11} When electing which of the available sentences to impose in relation to the seriousness of an offense, the court is charged by R.C.2929.12(B)(2) to consider whether "[t]he victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense." That finding makes the offense more serious, justifying more onerous punishment.
 {¶ 12} The property involved in this offense was an automobile. In addressing the statutory factor, the court stated:
 {¶ 13} "Court: I'm looking at this offense, and considering the purpose of 2929.11 in the Ohio Revised code and Seriousness and Recidivism Factors of 2929.12, and I see when I consider that, that . . . the victim of this offense did suffer economic harm, a college student who owned the car and it was damaged. Boy, you never noticed that, huh? That the window was broken out the back and somebody stole his radio?
 {¶ 14} "Stevens: Yea, that stuff was done prior.
 {¶ 15} "Court: MmmHmm.
 {¶ 16} "Stevens: I didn't do anything.
 {¶ 17} "Court: MmmHmm
 {¶ 18} "Stevens: I only had the car like 30 minutes, if that.
 {¶ 19} "Court: And I find nothing under the less serious items." (T.2-5).
 {¶ 20} Defendant asserted shortly before this colloquy that he had "rented" the car from "a guy just from the neighborhood" and that "I didn't think it was hot because he had the keys to it and everything."Id. This protestation of innocence, which was made in the sentencing hearing, is belied if not wholly foreclosed by Defendant's guilty plea. The court properly rejected it, and went on to find that the owner of the car had suffered serious economic harm as a result of the offense, making the offense one that was more serious in relation to the sentence the court could impose. We cannot find that the record fails to support the trial court's finding. State v. Wallace.
 {¶ 21} Defendant further contends that the court unduly expanded the serious economic harm factor in R.C. 2929.12(B)(2) when it observed that the stolen car had been damaged. Defendant complains that he was not charged with a crime connected to that damage. Therefore, according to Defendant, the court necessarily relied on uncharged criminal conduct to impose a more onerous sentence.
 {¶ 22} The court did not find that Defendant committed the damage to the victim's car. It found that the car had been damaged after it was stolen, increasingly the economic loss to the victim of the theft offense, who was by extension also the victim of Defendant's "receiving" offense. The damage compounded the economic harm the victim suffered from the theft itself, making Defendant's offense of "receiving" the car in that condition more serious than it would have been had the car not been damaged. We cannot find that the court's conclusion is unsupported by the record.
 {¶ 23} The assignments of error are overruled. The judgment of the trial court will be affirmed.
BROGAN, J. and YOUNG, J., concur.